(No. 84-CC-0407—

BERNADETTE PERHAM and TERRY YALE FEIERTAG, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1984.*

MINSKY & FEIERTAG, P.C. (TERRY YALE FEIERTAG, *pro se*, of counsel), for Claimants.

DUNN, GOEBEL, ULBRICH, MOREL & HUNDMAN (RICHARD T. DUNN, of counsel), for Respondent.

ROE, C.J.

This claim is before the Court of Claims following the filing of a joint stipulation whereby the parties agreed as follows:

1. Respondent Board of Governors of State Colleges and Universities is a body corporate and an agency of the State of Illinois. Ill. Rev. Stat. 1981, ch. 144, par. 1001 *et seq.*

2. The claim in this cause is made against Respondent in its capacity as an agency of the State of Illinois and is brought under sections 8(a) and (b) of the Court of Claims Act. Ill. Rev. Stat. 1981, ch. 127, pars. 439.8(a), (b).

3. The claim in this cause is not made under "An Act to Provide for Representation and Indemnification." Ill. Rev. Stat. 1981, ch. 127, par. 1301 *et seq.*

4. Claimant Bernadette Perham was employed by the Board of Governors of State Colleges and Universities as an assistant professor in the mathematics department at Chicago State University.

5. Chicago State University is an institution of higher education established by the State of Illinois, and operated, managed, controlled and maintained by the Board of Governors of State Colleges and Universities, the Respondent. Ill. Rev. Stat. 1981, ch. 144, par. 1001 *et seq.*

6. During her employment as an assistant professor in the mathematics department at Chicago State University, Claimant Bernadette Perham was allegedly discriminated against by reason of her sex in violation of Federal statutory and constitutional rights and prohibitions, *viz*: 42 U.S.C. secs. 1983, 1985(3), 1988, and 2000(e) *et seq.*, and the fourteenth amendment to the United States Constitution.

7. As a result of the alleged discrimination, Claimant Bernadette Perham filed charges with the Illinois Fair Employment Practices Commission and the United States Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission having duly certified that it was unable to complete its investigation within 180 days from the date said charges were filed, the United States Department of Justice issued a right to sue letter to Claimant Bernadette Perham, who thereupon, individually and on behalf of all other persons similarly situated, filed her complaint for equitable, declaratory, monetary and other relief as a civil action in the United States District Court for the Northern District

of Illinois, Eastern Division, in Cause No. 75 C 259, naming the Respondent Board of Governors of State Colleges and Universities *et al.*, as defendants. Exhibit A to the claim in this cause is a true and correct copy of said complaint.

8. On April 6, 1978, said United States District Court granted Perham's motion for class certification and ordered that her complaint be maintained as a class action. Exhibit B to the claim in this cause is a true and correct copy of said court's memorandum opinion and the docket entry as to the granting of plaintiff's motion for class certification.

9. Following extensive discovery and the deposing of expert witnesses, the parties submitted a proposed consent settlement order to the United States District Court on November 1, 1982, after due notice to all persons concerned, and said court held a fairness hearing on the proposed order. Exhibit C to the claim in this cause is a true and correct copy of said consent settlement order.

10. On December 21, 1982, after careful consideration of the evidence, arguments, and pleadings submitted in support of and in opposition to the proposed settlement, the District Court entered the consent settlement order and its final approval of the class settlement. Exhibit D to the claim in this cause is a true and correct copy of said Court's approval of the consent settlement order and docket entry with respect thereto.

11. All periods within which any person could appeal from said consent settlement order have expired and no appeal has been filed. Said consent settlement order is final.

12. Throughout the proceedings hereinbefore de-

scribed Claimant Bernadette Perham was represented by her attorney, Claimant Terry Vale Feiertag, who appeared upon behalf of the certified class.

13. Among other things, said consent settlement order provided for:

(a) Payment of $55,000.00 to Claimant Bernadette Perham, upon her execution of a release of her claims and those of said class;

(b) Payment of $30,000.00 to Claimant Terry Yale Feiertag, as attorney for Claimant Perham and the class, as reasonable attorney fees, properly documented by contemporaneous time records which reflected at least 2,000 hours expended upon behalf of Perham and the class and properly allowed by said court.

(c) Payment of $35,000.00 to Claimant Terry Yale Feiertag, as attorney for Claimant Perham and the class, for out-of-pocket litigation costs and expenses, properly documented by receipts for disbursements upon behalf of Perham and the class and properly allowed by the court.

14. The payments provided for in said consent settlement order and set forth in paragraph No. 13 above should be made and an award of said sums should be made by this Court.

We have reviewed the record. The stipulation is corroborated by the record. There is nothing more for us to consider. In matters such as the one at bar this Court is but a vehicle for payment. Actually, whether or not this Court concurs with the parties' stipulation and enters an award is inmaterial because if the Federal court has jurisdiction to enter the order which is the subject of this claim (and it unquestionably does) the Federal court can

enforce its order and require the State to pay regardless of any action by this Court and/or any action by the legislature.

Accordingly, an award is hereby made to the Claimants according to the terms of the stipulation quoted hereinabove.